1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

THOMAS MILAM,

                Petitioner,

        vs.

MARTIN BITER, Warden,

                Respondent.

)
)
)
)
)
)
)
)
)
)

Case No. CV14-8206-JAK (DTB)

ORDER TO SHOW CAUSE

      On October 22, 2014, petitioner filed a Petition for Writ of Habeas Corpus ("Pet.") pursuant to 28 U.S.C. § 2254 along with a supporting Memorandum of Points and Authorities ("Pet. Mem.") and exhibits ("Pet. Exh.") thereto.  The Petition purports to be directed to a 2004 conviction sustained by petitioner in Los Angeles County Superior Court.  (See Pet. at 2.)  Petitioner purports to be raising five grounds for relief.  (See Pet. at 5-6; Pet. Mem. at 11-30.)

      Based on its review of the Petition, it appears to the Court that the Petition herein constitutes a second or successive petition under 28 U.S.C. § 2244(d), as petitioner previously sought habeas relief from the same 2004 Los Angeles County Superior Court judgment of conviction in a petition filed in this Court, Case No. CV11-4745-JAK (OP) ("Prior Action").  On May 3, 2012, Judgment was entered in

/ / /

the Prior Action dismissing that petition with prejudice on the basis that it was untimely.[1]  Petitioner did not file a notice of appeal from that Judgment.

Thus, it appears that the Petition now pending constitutes a second or successive petition under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  Specifically, under the AEDPA, 28 U.S.C. § 2244(b) reads, in pertinent part, as follows:

"(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this

_____

[1]    As the Court in the Prior Action found that the petition was untimely under 28 U.S.C. § 2244(d), based on the same underlying judgment of conviction, it would appear that the instant Petition would also be subject to dismissal on the same grounds.

1
2
3
4
section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

5
6
7
8
9
10
11
12
Here, it appears that the instant Petition constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b), as it challenges the same conviction as petitioner's habeas petition in the Prior Action. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). As such, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

13
14
15
16
17
However, in the instant Petition, petitioner raises at least one potential basis for equitable tolling (i.e., that he has been a participant in the California Department of Corrections and Rehabilitation's mental health program since 2003 (Pet. Mem. at 9)), as well as possible basis for relief from the prior Judgment under Fed. R. Civ. P. 60(b)(6) (on the basis that he was abandoned by his previous habeas counsel).

18
19
20
21
22
23
24
25
26
Based on these factors, the Court has concluded that the interest of justice in this case would be served by the appointment of counsel for petitioner. See 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, the Court requests that the Federal Public Defender for the Central District of California locate counsel for appointment. The Federal Public Defender shall provide the name of counsel for appointment to the Court within 14 days of the date of this Order. (The clerk is directed to serve a copy of this Order on the Office of the Federal Public Defender, Attn: Federal Public Defender Sean Kennedy.)

27  / / /
28  / / /

3

1    Accordingly, on or before **December 12, 2014**, petitioner is ORDERED to

2   show cause in writing (if any he has) why the Court should not recommend that this

3   action be dismissed with prejudice on the ground that petitioner failed to secure an

4   order from the Ninth Circuit authorizing the District Court to consider the Petition,

5   prior to his filing of it in this Court.

6    It is further ordered that within 45 days of the service date of this Order, the

7   assigned Deputy Federal Public Defender is ORDERED to:

8    1.   Serve and file a Notice of Appearance.

9    2.   Make arrangements with the clerk to review and copy all

10   relevant files and records.

11    3.   Complete his/her initial review and analysis of the relevant

12   files and records, consult with petitioner, and file a response to the Order

13   to Show Cause.

14

15   DATED: November 3, 2014

16

17   _____

18   DAVID T. BRISTOW
     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

4